UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

FAUSTIN FERTIL,

      Plaintiff,   **JURY TRIAL DEMANDED**

v.

BASIC MEATS SUPERMARKET INC., a
Florida profit corporation d/b/a BRAVO
SUPERMARKET #45240,

      Defendant.
_____/

## COMPLAINT FOR DAMAGES

FAUSTIN FERTIL ("FERTIL"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendant, BASIC MEATS SUPERMARKET INC., a Florida profit corporation d/b/a BRAVO SUPERMARKET #45240 (hereinafter "BRAVO"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). The Plaintiff also alleges the Defendant willfully filed fraudulent information returns in violation of 26 U.S.C. §7434.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, BRAVO

regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, BRAVO operated a supermarket.

4. Plaintiff's work as a butcher for BRAVO involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce. This included cutlery, equipment and machinery manufactured outside the State of Florida.

5. In addition to the Plaintiff, Defendant, BRAVO employed at least two other employees who whose work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant' business, and moved in interstate commerce.  This included a wide array of groceries and products (food and drinks) usually found in a supermarket, that were manufactured outside the State of Florida.

6. During the time period which concerns Plaintiff's claims,, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

7. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

8. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

**<u>VENUE</u>**

9. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

and,

b. Defendant was and continue to be a corporation doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, FERTIL was an "employee" of the Defendant within the meaning of the FLSA.

11. At all times material hereto, corporate Defendant, BRAVO, was conducting business in Miami, Miami-Dade County, Florida with its principal location in that city.

12. At all times material hereto, Defendant, BRAVO employed Plaintiff, FERTIL.

13. At all times material hereto, Defendant, BRAVO was and continues to be "employer" within the meaning of the FLSA.

14. At all times material hereto, corporate Defendant, BRAVO operated an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, FERTIL was directly essential to the business performed by Defendant.

16. Plaintiff, FERTIL has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about June 28, 2018, Plaintiff, FERTIL was hired by the Defendant as a butcher at the Defendant's supermarket. His employment ended on December 3, 2020.

18. Defendant, BRAVO paid Plaintiff, FERTIL an hourly wage of $9.00 per hour.

19. Defendant, BRAVO did not pay overtime to the Plaintiff at the rate of time-and-one-half times his hourly pay rate.

20. Defendant, BRAVO willfully failed to pay Plaintiff, FERTIL his lawfully earned wages in conformance with the FLSA.

21. Plaintiff, FERTIL was not paid overtime wages by Defendant, BRAVO in all the weeks when he worked in excess of 40 hours per week.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, FERTIL repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. During Plaintiff, FERTIL's employment at BRAVO, he worked in excess of 40 hours per week every week.

25. Plaintiff, FERTIL's employment consisted of all workweeks in which he should have received time and one-half his regular hourly (equivalent) rate of pay for hours worked in excess of the maximum hours provided for in the FLSA.

26. Plaintiff, FERTIL was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant.  Plaintiff,

FERTIL intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

28. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, FERTIL at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due. Indeed, Plaintiff, FERTIL was paid "straight time" for each hour that he worked over 40 hours in a workweek.

29. Defendant, BRAVO failed to properly disclose or apprise Plaintiff, FERTIL of his rights under the FLSA.

30. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff, FERTIL is entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendant, Plaintiff, FERTIL has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, FERTIL respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  January 22, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: /s/. Peter Bober
      PETER BOBER
      FBN:  0122955